UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO M. THIUS,<br><br>             Plaintiff,<br><br>    v.<br><br>SCOTT R. JONES,<br><br>             Defendant. | No.  2:14-cv-2599-MCE-KJN PS<br><br><br>ORDER |

       Plaintiff Pro M. Thius, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

       The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
9    assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
10   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
16   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
17   the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct.
18   2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see
19   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
21   (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
22   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
23   pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,
24   809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25   Here, plaintiff's two-page complaint is confusing and appears to assert a claim for false
26   imprisonment and an unspecified Fourteenth Amendment claim based on allegations regarding
27   plaintiff's arrest sometime between May 7, 2014, and June 27, 2014, at the Sacramento Public
28   Library and subsequent removal to Los Angeles based on a faulty warrant for loitering.  (ECF No.

1 at 2.) Plaintiff also alleges that a rented room was searched and two of plaintiff's laptop computers and other personal belongings were seized as a result. (Id.) As far as the court can ascertain, plaintiff is apparently allegedly that he was wrongfully arrested and had his personal belongings wrongfully seized. However, plaintiff provides little in the way of facts detailing the events surrounding his arrest and the seizure of his property, who was involved in these alleged incidents, the specific dates on which these incidents occurred, and what resulting damages plaintiff suffered. Furthermore, although plaintiff's complaint alleges a "14th Amendment violation," plaintiff fails to articulate which aspect of the Fourteenth Amendment was allegedly violated. Finally, plaintiff names Sacramento County Sheriff Scott Jones as the sole defendant in his complaint, but does not provide any indication as to Jones' involvement in the alleged events.

In sum, plaintiff's complaint, which largely contains vague assertions and conclusory statements, does not provide defendant or the court with sufficient notice of what his claims are, and does not plead sufficient facts which, if accepted as true, would allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Therefore, the court dismisses plaintiff's complaint, but with leave to amend.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be no longer than 20 pages; shall correct the deficiencies outlined in this order; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  April 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE