UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO M. THIUS,<br><br>       Plaintiff,<br><br>   v.<br><br>SCOTT R. JONES,<br><br>       Defendant. | No.  2:14-cv-2599 MCE KJN PS<br><br>ORDER |

Plaintiff, who is proceeding without counsel, filed his complaint and an application to proceed in forma pauperis on November 6, 2014.[1]  (ECF Nos. 1-2.)  On April 9, 2015, the undersigned granted plaintiff's application to proceed in forma pauperis (ECF No. 2), but also dismissed his complaint without prejudice.  (ECF No. 3.)  The undersigned gave plaintiff leave to file an amended pleading, and plaintiff filed a First Amended Complaint on May 7, 2015.  (ECF No. 4.)

While plaintiff's amended pleading sheds some light on the alleged events underlying his claim(s), the amended pleading falls short of the requirements described in the undersigned's order of May 7, 2015.  (ECF No. 3.)  Accordingly, the undersigned will give plaintiff another opportunity to amend his pleading so as to satisfy those requirements.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.      LEGAL STANDARDS

As delineated in the undersigned's prior order, the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  Plaintiff has the responsibility to allege facts to state a plausible claim for relief.  Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible motive" was conclusory and not entitled to an assumption of truth at the pleading stage).

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so.  See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006).  The plaintiff has the burden of establishing that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an independent obligation to examine their own jurisdiction") (citation omitted).  Federal district

courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

II. DISCUSSION

    a. *Allegations In Plaintiff's First Amended Complaint*

Plaintiff's First Amended Complaint expands somewhat upon the minimal factual allegations from plaintiff's original pleading concerning his alleged arrest at the Sacramento Public Library and the subsequent search of a hotel room and seizure of plaintiff's laptop computer and other property. (Compare ECF No. 1 with ECF No. 4.) Specifically, plaintiff provides additional information regarding the alleged involvement of Sacramento County Sheriff Scott R. Jones, the sole defendant named in this action. The amended complaint notes that after plaintiff's belongings were seized, "somebody took responsibility" for them, which was then "passed on to Sheriff Scott Jones when placed in his holding cell." (ECF No. 4 at 2.) Plaintiff vaguely alleges further that "Sheriff Scott Jones made several decisions to not take responsibility" for the "seizure of [plaintiff's] computer, search of room . . ., [and plaintiff's] arrest." (Id. at 4.) Plaintiff also appears to allege that Jones ordered plaintiff's transfer to Los Angeles County to be "held as a mental assumption." (Id. at 2-4.) Plaintiff alleges that Jones's actions violated the Fourth Amendment to the United States Constitution and constituted false imprisonment. (Id. at 1.)

////
////
////
////
////

      b. *Plaintiff's First Amended Complaint Fails To State a Claim Against Jones under the Fourth Amendment and for False Imprisonment*

         1.    <u>Fourth Amendment</u>

Based on a liberal construction of the allegations asserted in the amended complaint, it appears that plaintiff seeks to state a Fourth Amendment claim for unlawful search and seizure against defendant Jones pursuant to 42 U.S.C. § 1983. In particular, based on the minimal allegations plaintiff makes specifically with regard to Jones' conduct, it appears that plaintiff seeks to premise this claim on the basis of supervisory liability.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Congress enacted section 1983 under its power provided in section 5 of the Fourteenth Amendment to pass "appropriate legislation" enforcing the Fourteenth Amendment. <u>Crumpton v. Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 does not serve as an independent source of substantive rights, rather it provides "a method for vindicating federal rights elsewhere conferred." <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n. 3 (1979). The Ninth Circuit Court of Appeals has described the requirements of a section 1983 claim as: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." <u>Crumpton</u>, 947 F.2d at 1420. "[Section] 1983 . . . contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." <u>Daniels v. Williams</u>, 474 U.S. 327, 329-30 (1986).

"[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983." <u>Jeffers v. Gomez</u>, 267 F.3d 895, 915 (9th Cir. 2001). But supervisors can be held liable in individual capacity for: "1) their own culpable action or

inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000); see Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991).

Here, plaintiff alleges that defendant Jones "made several decisions to not take responsibility" with regard to plaintiff's arrest, the search of plaintiff's hotel room, and the seizure of plaintiff's computer. (ECF No. 4 at 4.) However, plaintiff fails to set forth allegations detailing what these "decisions" were and how they were the proximate cause of the Fourth Amendment deprivation plaintiff alleges. Furthermore, plaintiff provides only conclusory allegations with regard to the underlying alleged unconstitutional arrest of plaintiff's person and search and seizure of plaintiff's property, which are insufficient to state a plausible Fourth Amendment claim. In particular, plaintiff fails to allege facts indicating that there was no probable cause or justification for his arrest or the search and seizure of his property. Finally, plaintiff fails to specify whether plaintiff's arrest, the search of plaintiff's hotel room, and the seizure of plaintiff's property was carried out by Jones's subordinates at the Sacramento County Sheriff's Department. Plaintiff merely states that those who carried out these actions were "police officers," providing the court and defendant with no way of knowing if these officers were actually Jones's subordinates, or employees of a different law enforcement agency. (ECF No. 4 at 2.) Plaintiff appears to allege that Jones should be held liable for the alleged Fourth Amendment violation under a theory that he acquiesced to the unconstitutional actions of his subordinates, but without better-defined factual allegations, the complaint does not provide sufficient underlying facts "to give fair notice and to enable [Sheriff Jones] to defend [himself] effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Accordingly, plaintiff's amended complaint fails to allege facts sufficient to support his Fourth Amendment claim.

2.   False Imprisonment

Plaintiff also alleges a claim for false imprisonment. Based on a liberal construction of the amended complaint, it appears that plaintiff premises this claim on his alleged false arrest.

////

1    False arrest is "but one way of committing false imprisonment." Watts v. County of
2  Sacramento, 256 F.3d 886, 891 (9th Cir. 2001) (quoting Asgari v. City of Los Angeles, 15 Cal.
3  4th 744, 63 (1997)).  The elements of a cause of action for false imprisonment under California
4  law are:  (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege,
5  and (3) for an appreciable period of time.  Blaxland v. Commonwealth Director of Public
6  Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003) (citations omitted); Easton v. Sutter Coast
7  Hospital, 80 Cal. App. 4th 485, 496 (2000).  "A cause of action for false imprisonment based on
8  unlawful arrest will lie where there was an arrest without process followed by imprisonment."
9  Watts, 256 F.3d at 891 (citing City of Newport Beach v. Sasse, 9 Cal. App. 3d 803 (1970)).

10    Here, plaintiff alleges that he was arrested by "police officers" and was later detained.
11 However, plaintiff fails to provide factual allegations of Jones's involvement in the arrest other
12 than that plaintiff "was placed in [Jones's] holding cell." (ECF No. 4 at 2.)  Plaintiff does not
13 indicate whether he was placed in this cell at Jones's direction.  Moreover, plaintiff fails to allege
14 facts indicating that this detainment was carried out without lawful privilege or without any
15 process.  See Watts, 256 F.3d at 891.  Accordingly, plaintiff's amended complaint fails to allege
16 facts sufficient to state a false imprisonment claim under California law.

17    For the reasons discussed above, plaintiff's First Amended Complaint again fails to
18 comply with Rule 8 and does not include factual allegations plausibly linking Jones to plaintiff's
19 arrest and the search and seizure of plaintiff's property in a manner that would give rise to his
20 liability for either of the two claims asserted by plaintiff.  The deficiencies in the First Amended
21 Complaint are fundamental and preclude the court from ordering it to be served.  Nevertheless,
22 because it is still possible that further amendment to the First Amended Complaint may be able to
23 overcome the deficiencies outlined above, plaintiff should be granted leave to amend his
24 complaint to address these deficiencies.  Accordingly, the First Amended Complaint is dismissed
25 with leave to amend pursuant to 28 U.S.C. § 1915(e)(2) to permit plaintiff to file another
26 amended pleading that complies with Federal Rule of Civil Procedure 8, plausibly alleges
27 defendant Jones' connection to the alleged illegal arrest of plaintiff and seizure of plaintiff's
28 property, includes additional factual allegations that support plaintiff's Fourth Amendment and

1  false imprisonment claims, and generally provides more context to his wide-ranging accusations.
2  The amended pleading shall be titled "Second Amended Complaint" and shall also include
3  allegations regarding the basis for this court's jurisdiction.  Plaintiff shall file the Second
4  Amended Complaint within 28 days of the date of this order.

5      Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
6  amended complaint complete.  Eastern District Local Rule 220 requires that an amended
7  complaint be complete in itself.  This requirement is because, as a general rule, an amended
8  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)
9  ("The amended complaint supersedes the original, the latter being treated thereafter as non-
10 existent.").  Accordingly, once a plaintiff files the Second Amended Complaint, the original
11 complaint and his First Amended Complaint no longer serve any function in the case.  Defendants
12 not named in an amended complaint are no longer defendants.  Ferdik, 963 F.2d at 1262.

13     Plaintiff is also hereby informed that he is obligated to comply with court orders and the
14 rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local
15 Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any
16 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
17 by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local
18 Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.

23 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
24 same rules of procedure that govern other litigants.").  Case law is in accord that a district court
25 may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal
26 Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
27 comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
28 (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file a Second Amended Complaint by the deadline stated herein will result in a recommendation that this action be dismissed.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 4) is dismissed with leave to amend so that plaintiff can correct the pleading deficiencies described herein.
2. Plaintiff is granted 28 days from the entry of this order to file a Second Amended Complaint that is complete in itself.  The Second Amended Complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. ***Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.***

IT IS SO ORDERED.

Dated:  July 1, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9